UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JONATHAN E. BRUMFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 16-CV-2024 |
| | ) |
| GEORGE VARGAS | ) |
| and DAN CLIFTON, | ) |
| | ) |
| Defendants. | ) |

**MERIT REVIEW OPINION**

This cause is before the Court for merit review of the pro se Plaintiff's complaint pursuant to 28 U.S.C. §1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2103). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.,* 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

The pro se Plaintiff, a state prisoner, claims Champaign County Public Defender George Vargas and States Attorney Dan Clifton violated his due process rights and the Illinois constitution.

The Plaintiff says on June 29, 2009, his public defender advised him to take a plea agreement.  Apparently, Plaintiff believed he was pleading to a Class 3 felony, but his agreement was for a Class 2 felony. "By them not sentencing me under the right class both parties violated by 14th amendment." (Comp., p. 5).  Consequently, Plaintiff says he would have "received a lighter sentence, been released earlier and may have altered my future…" (Comp., p. 5).

The Plaintiff has not articulated a violation of his Fourteenth Amendment rights or any claim pursuant to 42 U.S.C. §1983. For instance, it is not clear what relief Plaintiff is seeking since he states only "[a]s the Judge deems necessary" in his complaint. (Comp., p. 6).  To the extent Plaintiff wishes to challenge his conviction, he will have to pursue a petition for writ of habeas corpus under § 2254, which first requires that he exhaust available remedies in state court. 28 U.S.C. § 2254(b). *See Preiser v Rodriguez,* 411 U.S. 475, 500 (1973).  Plaintiff has not indicated whether he filed a motion to withdraw his plea in state court.  In addition, a §1983 suit for damages which would necessarily imply the invalidity of "an inmate's conviction, or necessarily imply the invalidity of the length of an inmate's sentence, is not cognizable

under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence." *Nelson v Campbell*, 541 U.S. 637, 646 (2004) *citing Heck v Humphrey*, 512 U.S. 477, 487 (1994): *see also Burd v. Sessler*, 702 F.3d 429 (7th Cir. 2012)(*Heck* bars access to courts claim based on inability to file a motion to withdraw plea since it would imply invalidity of the underlying conviction).

Furthermore, even if the Plaintiff had articulated a claim, his allegations are barred by the two year statute of limitations period. *See Wilson v Giesen*, 956 F.2d 738, 740 (7th Cir. 1992); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Finally, the Court declines to exercise supplemental jurisdiction over any potential state law claims. *See* 28 U.S.C. §1367(c). *See also City of Chicago v. Intern. College of Surgeons*, 522 U.S. 156 (1997) (stating that pendent jurisdiction is a matter of discretion); *Van Harken v. City of Chicago*, 103 F.3d 1346, 1354 (7th Cir. 1997) (noting presumption against retention of supplemental state law claims).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. This case is therefore closed and all motions are denied.[2, counsel]. The Clerk of the Court is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

2) This dismissal shall count as one of the Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g). The Clerk is directed to record Plaintiff's strike in the three-strike log.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

ENTERED: May 3, 2016

FOR THE COURT:            s/ Sue E. Myerscough
                          _____
                          SUE E. MYERSCOUGH
                          UNITED STATES DISTRICT JUDGE